OPINION
The two above-captioned matters have not been consolidated for purposes of appeal. However, because the legal issues presented are identical, and are based on the same facts, our decisions in the two cases are supported by the same opinion.
The Defendants were each convicted after a joint bench trial of violating Huber Heights Codified Ordinance 521.08(B)(1), which states:
"No person shall knowingly or recklessly deposit any garbage, trash, rubbish or other refuse on any vacant lot, public road, street or highway or upon the property of another within the City limits."
The Defendants each filed notices of appeal. Both present the following single assignment of error:
 "THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF VIOLATING HUBER HEIGHTS CITY ORDINANCE SECTION 521.08(b).
Our task in resolving the error assigned was described for us by the Supreme Court in State v. Jenks (1991) 61 Ohio St.3d 259:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. Paragraph two of the Syllabus.
"Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "Weight" of the evidence refers to the inclination of the greater amount of the credible evidence presented in a trial to prove the issue established by the verdict that was reached. State v. Thompkins (1997), 78 Ohio St.3d 380. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof.
Evidence may be direct or circumstantial. "The basic distinction between direct and circumstantial evidence is that in the former instance the witnesses testify directly of their own knowledge as to the main facts to be proved, while in the latter case proof is given of facts and circumstances from which the jury may infer other connected facts which reasonably follow, according to the common experience of mankind." 42 Ohio Jurisprudence 3d Evidence, Section 195. Direct and circumstantial evidence inherently possess the same probative value. State v. Jenks,supra. Circumstantial evidence may possess less persuasive force, however, and therefore less weight than direct evidence, depending on the nature of the nexus from which the inference is drawn.
Evidence produced at trial shows that, on or about October 1, 2001, Keith Quinn discovered that someone else had put non-recyclable articles in the "recycling only" trash dumpster at his place of business in Huber Heights. The dumpster bore a sign reading "cardboard only." Upon examination, Quinn found that boxes which were put there contained letters, mail, and magazines that bore the names of either or both of the Defendants.
The record also shows that the Defendants, Gregory Gilreath and Christina Kinderdine, had moved into the residence at 7301 Harshmanville Road, in Huber Heights, on September 29, 30, 2001. In the course of their move they decided to discard some of their personal property, including boxes, a curio cabinet, a fishing tackle box and lures, household items, baby clothes, a microwave oven, and other refuse. These articles were left outside their house, at the side of the garage, until the articles could be collected by a trash hauler.
Keith Quinn testified that he found the Defendant's telephone number at their new residence, which was a little more than a mile from his business, and that when he called the number a woman answered. He didn't recall her name or whether she identified herself. He asked whether the Defendants had thrown trash in his dumpster and, if so, whether they would come to get it. Quinn testified that the woman "said she thought it was OK because it was a cardboard recycling (container) and they were throwing away cardboard." (T. 8-9). Quinn called again later and spoke with Defendant Gilreath, who denied any knowledge of the matter.
Quinn called the police, who came to investigate. Quinn testified that he showed the investigating officer an envelope bearing the name of one of the Defendants. Quinn retained other articles he retrieved from the dumpster, but by the time of trial had discarded all of them.
Huber Heights Police Officer Victor Oaks testified that he responded to Quinn's complaint. When he looked inside the dumpster, Officer Oakes saw storage boxes, kitchen ware, and bedding. Quinn showed him envelopes bearing the Defendants names and, in one instance, their address on Harshmanville Road.
Officer Oakes went to the Defendants' residence. He testified that Defendant Kinderdine stated, with reference to the contents of Quinn's dumpster, "it's all recyclable stuff." (T. 23). Officer Oaks testified that when he later spoke with Defendant Gilreath, "he made an objection that he couldn't have done it because he had some type of temporary disability with an arm in a sling." (T. 29).
Gregory Gilreath testified that the articles he had put at the side of his garage were moved from there by someone else. He asserted that he could not have moved them because he injured his hand on October 1, 2001, losing a finger. He had surgery on October 4 to reattach the finger. He was unable to work thereafter. Gilreath denied putting anything in Quinn's dumpster, and didn't know who had.
Defendants argue that the evidence before the court was insufficient as a matter of law to prove that they violated the Huber Heights ordinance. We do not agree.
The fact that trash bearing the names of both Defendants was found inside Keith Quinn's dumpster doesn't necessarily prove who put it there. However, coupled with the fact that they intended to discard it, an inference is created that the Defendants did.
Keith Quinn testified that the woman to whom he spoke when he called the Defendants' home phone number had said that the dumpster "was a cardboard recycling (container) and they were throwing away cardboard." The statement is an admission that the Defendants engaged in the conduct charged. Defendants don't challenge its import. Rather, they argue that it is "inadmissible hearsay" because the identity of the woman who made the statement to Quinn was not established.
Hearsay evidence is a statement, other than one made by the declarant while testifying in a trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay is not admissible unless the evidence is otherwise permitted by constitution, statute, or rule. Evid.R. 802.
Admissions made by a party opponent concerning his or her conduct or that of a co-conspirator committed during and in the course of a conspiracy is not hearsay. Evid.R. 801(D)(2). The statement to which Officer Oakes testified was of that kind. Therefore, notwithstanding the fact that it was one made out of court and was offered to prove the truth of the matter asserted, it is not hearsay.
Defendants nevertheless challenge admission of the statement because there was no direct evidence of the identity of the person who made the statement to Officer Oaks. It's true that there was not. That doesn't exclude it from the definition of an admission by a party-opponent, however. The fact that the statement was made by a person at Defendants' home who answered the phone when the call was made is circumstantial evidence supporting a conclusion that Defendant Christina Kinderdine was the declarant. In that event, it's an admission and not hearsay.
Christina Kinderdine's statement to Officer Oakes that the articles that someone put in Quinn's dumpster was "all recyclable stuff" demonstrates a knowledge of what the articles were. Her statement was admissible because it was a form of admission. From that, one might reasonably infer that she was involved in putting them there.
Defendants argue that other constructions may be put on the fact that discarded correspondence bearing their names and address were found on Keith Quinn's property, and on Christina Kinderdine's statement to Officer Oaks that "it's all recyclable stuff." According to them, she was responding to a description of the discarded trash the officer had provided. They also argue that Gilreath's hand injury would have prevented him from handling the trash in order to move and discard it in this way. All those may likewise be correct. However, on a claim of insufficiency the evidence must be considered "in a light most favorable to the prosecution." State v. Jenks, supra. Considered in that light, the evidence the prosecution presented was legally sufficient to permit any rational trier of fact to find that the essential elements of the crime charged were proved beyond a reasonable doubt. Id. Therefore, the evidence was legally sufficient to convict.
The prosecution's evidence was sufficient to prove the conduct charged. Criminal liability also requires proof beyond a reasonable doubt of the required degree of culpability. The Huber Heights ordinance prohibits "knowingly" or "recklessly" depositing trash on the land of another. The conduct here is such that, if it was done at all, and absent any claim or proof of accident or mistake, it was necessarily done knowingly. Defendants do not claim that they put the boxes in Quinn's dumpster by mistake. Rather, they deny doing it at all. The court rejected their contention.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.